```
         UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF WEST VIRGINIA
                  AT CHARLESTON
```

**BRIAN DUNNIGAN,**

     Movant,

v.                             Civil Action No. 2:17-cv-02748
                                Criminal Case No. 2:15-cr-00139

**UNITED STATES OF AMERICA,**

     Respondent.

## MEMORANDUM OPINION AND ORDER

Pending are (1) movant's motion and amended motion under 28 U.S.C. § 2255 to vacate, set aside or correct a sentence by a person in federal custody, each filed May 5, 2017; and (2) movant's petition for summary judgment, filed February 4, 2019.

I.

This action was previously referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission to the court of her Proposed Findings and Recommendation ("PF&R") for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). On February 12, 2019, the magistrate judge entered her PF&R recommending that the court (1) deny movant's motions as untimely, (2) deny his petition as being without merit, and

(3) dismiss this civil action with prejudice and remove it from the court's docket. See PF&R 13.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(C), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, movant had 17 days from the date of filing the PF&R within which to file with the Clerk of this Court specific written objections that identify the portions of the PF&R to which objection is made and the basis of such objection. The 17 days included 14 days for the filing of objections and an additional three days for service and mailing. Therefore, the filing deadline was March 1, 2019.

A single-page, handwritten letter from movant noting objections to the filed PF&R was received by the court on March 4, 2019. The letter and accompanying certificate of service are dated February 26, 2019, though they arrived in an envelope postmarked February 28, 2019. "[A] pro se litigant's legal papers are considered filed upon 'delivery to prison authorities, not receipt by the clerk.'" See United States v. McNeill, 523 F. App'x 979, 981 (4th Cir. 2013) (quoting Houston v. Lack, 487 U.S. 266, 266 (1988)). Because movant is an inmate at the Federal Correctional Institution, McDowell and he dated the letter and certificate of service within the 17-day period

to file objections, the court deems the objection letter timely filed.

## II.

Upon an objection, the court reviews a PF&R de novo. Specifically, "[t]he Federal Magistrates Act requires a district court to 'make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (first alteration added) (quoting 28 U.S.C. § 636(b)(1)). Movant's one-paragraph letter objects "on the grounds of 'Ineffective Assistance of Counsel[,]' . . . "The Constitutional Amendment right (To Face my accuser and have them take the stand under oath)[,] [a]nd 'Hearsay allowed to be entered as factual evidence'!" See Obj.

First, the magistrate judge concluded — and movant does not contest in his objection letter — that the one-year statute of limitations under the Anti-Terrorism and Effective Death Penalty Act of 1996 began to run from "the date on which the judgment of conviction becomes final" pursuant to 28 U.S.C. § 2255(f)(1). See PF&R 6. Considering the 14 days movant had to file a notice of appeal following the judgment of conviction

imposed on December 22, 2015, the limitations period began on January 6, 2016 and expired on January 5, 2017.  Id. at 9.  Thus, movant's § 2255 motion filed March 17, 2017 was untimely.  Id.

Moreover, the magistrate judge noted that movant did not raise an ineffective assistance of counsel argument until his reply to the government's response to his § 2255 motion, which was dated September 20, 2017 and filed September 22, 2017.  See PF&R 12.  In other words, movant raised the ineffective assistance of counsel claim for the first time more than eight months after the expiration of the one-year limitations period.  Id. at 12.  The magistrate judge concluded that the claim of ineffective assistance of counsel was therefore untimely and did not relate back to his original petition.  Id. at 12–13.  Inasmuch as movant does not provide any reason to doubt these conclusions, his objection with respect to ineffective assistance of counsel is overruled.

The remaining objections fail to specify any plausible grounds for relief.  Inasmuch as the § 2255 motions are untimely, movant's petition for summary judgment is meritless.  See PF&R 13.  Therefore, the PF&R of United States Magistrate Judge Eifert is hereby adopted and made a part thereof.

Accordingly, it is hereby ORDERED as follows:

1. Movant's petition for summary judgment, filed February 4, 2019, is denied.

2. Movant's motion and amended motion under 28 U.S.C. § 2255, filed May 5, 2017, are denied.

3. This civil action is dismissed with prejudice and stricken from the court's docket.

The Clerk is directed to forward copies of this memorandum opinion and order to movant, all counsel of record, and the United States Magistrate Judge.

ENTER: January 29, 2020

John T. Copenhaver, Jr.
Senior United States District Judge